FILED by \_\_MM\_\_ D.C.

Mar 22, 2023

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. **23-20123-CR-MOORE/LOUIS**

18 U.S.C. § 545
18 U.S.C. § 1001(a)(2)
18 U.S.C. § 982(a)(2)(B)

UNITED STATES OF AMERICA

vs.

GUILHERME CIPRIANI,

    Defendant.
_____/

## INDICTMENT

The Grand Jury charges that:

### COUNT 1
### Smuggling Goods into the United States
### (18 U.S.C. § 545)

On or about November 10, 2022, at Miami International Airport, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the Defendant,

**GUILHERME CIPRIANI,**

did knowingly and willfully, with the intent to defraud the United States, smuggle, attempt to smuggle, and clandestinely introduce, into the United States, from a place outside thereof, any merchandise, that is, fourteen (14) loose, cut diamonds and fifty-three (53) rough, uncut diamonds, which should have been invoiced, in violation of Title 18, United States Code, Sections 545 and 2.

## COUNT 2
## False Statement to a Federal Agency
## (18 U.S.C. § 1001(a)(2))

On or about November 10, 2022, at Miami International Airport, in Miami-Dade County, in the Southern District of Florida, in a matter within the jurisdiction of the United States Department of Homeland Security, United States Customs and Border Protection, an agency of the executive branch of the Government of the United States, the Defendant,

**GUILHERME CIPRIANI,**

did knowingly and willfully make a false, fictitious, and fraudulent statement and representation as to a material fact, in that the Defendant represented to Customs and Border Protection officials that he was not transporting commercial merchandise into the United States and that the total value of the commercial merchandise purchased abroad was zero United States dollars, when in truth and in fact, as the Defendant then and there well knew, he was transporting commercial merchandise, that is, uncut and cut diamonds, into the United States and that the total value of the commercial merchandise purchased abroad was worth more than zero United States dollars, in violation of Title 18, United States Code, Section 1001(a)(2).

## FORFEITURE ALLEGATIONS

1. The allegations of this Indictment are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendant, **GUILHERME CIPRIANI,** has an interest.

2. Upon conviction of a violation of Title 18, United States Code, Section 545, as alleged in this Indictment, the defendant shall forfeit to the United States: (a) any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such offense, pursuant to Title 18, United States Code, Section 982(a)(2)(B); and (b) any merchandise

introduced into the United States in violation of such offense, or the value thereof, pursuant to Title 18, United States Code, Section 545.

3. The property subject to forfeiture as a result of the alleged offenses includes, but is not limited to, the following:

(i) fourteen (14) loose, cut diamonds; and

(ii) fifty-three (53) rough, uncut diamonds.

All pursuant to 18 U.S.C. § 545 and 982(a)(2)(B).

A TRUE BILL

████████████████

FOREPERSON

_____
MARKENZY LAPOINTE
UNITED STATES ATTORNEY

_____
STEFAN DIAZ ESPINOSA
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

v.

GUILHERME CIPRIANI,

_____/
Defendant.

CASE NO.: _____

**CERTIFICATE OF TRIAL ATTORNEY**

**Superseding Case Information:**
New Defendant(s) (Yes or No) _____
Number of New Defendants _____
Total number of counts _____

**Court Division** (select one)
☒ Miami ☐ Key West ☐ FTP
☐ FTL ☐ WPB

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.
2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. §3161.
3. Interpreter: (Yes or No) No
   List language and/or dialect: _____
4. This case will take __2__ days for the parties to try.
5. Please check appropriate category and type of offense listed below:
   (Check only one)                    (Check only one)
   I   ☒ 0 to 5 days                   ☐ Petty
   II  ☐ 6 to 10 days                  ☐ Minor
   III ☐ 11 to 20 days                 ☐ Misdemeanor
   IV  ☐ 21 to 60 days                 ☒ Felony
   V   ☐ 61 days and over

6. Has this case been previously filed in this District Court? (Yes or No) No
   If yes, Judge _____ Case No. _____
7. Has a complaint been filed in this matter? (Yes or No) No
   If yes, Magistrate Case No. _____
8. Does this case relate to a previously filed matter in this District Court? (Yes or No) No
   If yes, Judge _____ Case No. _____
9. Defendant(s) in federal custody as of _____
10. Defendant(s) in state custody as of _____
11. Rule 20 from the _____ District of _____
12. Is this a potential death penalty case? (Yes or No) No
13. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard? (Yes or No) No
14. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss? (Yes or No) No
15. Did this matter involve the participation of or consultation with now Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023? No

By: _____
Stefan Diaz Espinosa
Assistant United States Attorney
FL Bar No.    1010217

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** Guilherme Cipriani

**Case No:** _____

Count #: 1

Smuggling Goods into the United States

Title 18, United States Code, Section 545
* **Max. Term of Imprisonment:** 20 Years' Imprisonment
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release:** Three Years
* **Max. Fine:** $250,000

**Case No:** _____

Count #: 2

False Statement to a Federal Agency

Title 18, United States Code, Section 1001(a)(2)
* **Max. Term of Imprisonment:** Five Years Imprisonment
* **Mandatory Min. Term of Imprisonment (if applicable):**
* **Max. Supervised Release:** Three Years
* **Max. Fine:** $250,000

*Refers only to possible term of incarceration, supervised release and fines. It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.